IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANGELA D. JACKSON,                        )
AND ON BEHALF OF ALL PRESENT,             )
PAST, AND FUTURE OR SIMILARLY             )
SITUATED MINORITY FACULTY                 )
MEMBERS,                                  )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )     No. CIV-07-300-C
                                          )
STATE OF OKLAHOMA ex rel.                 )
OKLAHOMA STATE BOARD OF                   )
REGENTS, AGRICULTURAL AND                 )
MECHANICAL COLLEGES,                      )
                                          )
          Defendant.                      )

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present federal employment discrimination lawsuit against Defendant, who has filed a motion to dismiss (Mot. to Dismiss, Dkt. No. 4). Plaintiff has responded (Resp., Dkt. No. 6), and this matter is now at issue.

Plaintiff, an African-American female, alleges in her complaint that she was hired by contract as a visiting professor for Defendant but was subjected to disparate treatment on account of her race. Specifically, Plaintiff asserts that she was denied proper training and support, her contract was not renewed, and she was denied a tenure-track position after her initial contract expired. (See Compl., Dkt. No. 1, ¶¶ 3-6.) Plaintiff further alleges that Defendant maintains a pattern or practice of failing to renew the contracts of African-American professors and not promoting them to tenure-track career paths. (Id. ¶ 7.)

Plaintiff's complaint alleges that Defendant violated Title VII, 42 U.S.C. § 2000e et seq.,[1]

and she also asserts a class action allegation pursuant to Fed. R. Civ. P. 23.[2]

Defendant first argues that dismissal is proper under Fed. R. Civ. P. 12(b)(1) due to

the Court's lack of subject matter jurisdiction over this case.  Defendant asserts that it is

entitled to Eleventh Amendment immunity and thus Plaintiff's claim is barred, including her

request for money damages and injunctive relief.  (See Mot. to Dismiss at 3-7.)  Defendant's

argument, however, focuses on its immunity from Plaintiff's now-abandoned 42 U.S.C.

§ 1981 claim;[3] Defendant does not address any immunity from Plaintiff's extant Title VII

claim.  (See id.)  It is true that a state and its colleges and universities generally are entitled

to Eleventh Amendment immunity from suit in federal court absent waiver or a valid

abrogation by Congress.  Crumpacker v. Kan. Dep't of Human Res., 338 F.3d 1163, 1168-69

(10th Cir. 2003).  Plaintiff's Title VII claim against Defendant is not barred, however,

because Congress abrogated the states' Eleventh Amendment immunity in its enactment of

---

[1] Although each party appears to contemplate that Plaintiff is bringing separate claims under "Title VII" and "42 U.S.C. § 2000e," these terms both refer to Title VII of the Civil Rights Act of 1964, which provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ."  See 42 U.S.C. § 2000e-2(a)(1).

[2] Plaintiff has discarded her § 1981 claim voluntarily.  (See Resp. at 1.)

[3] Defendant also argues that it is entitled to Eleventh Amendment immunity from claims brought under 42 U.S.C. § 1983, but Plaintiff's complaint does not indicate that she is bringing a § 1983 claim.  Further, Plaintiff appears to have cited the Fourteenth Amendment in her complaint solely within the context of the valid abrogation of immunity by Congress in passing Title VII.  (See Compl. at 1; Resp. at 5; see also Crumpacker, 338 F.3d at 1169 ("Congress'[s] power to abrogate the states' Eleventh Amendment immunity arises under § 5 of the Fourteenth Amendment.").

Title VII.  Fitzpatrick v. Bitzer, 427 U.S. 445, 449 n.2, 456-57 (1976); Mascheroni v. Bd. of Regents of Univ. of Cal., 28 F.3d 1554, 1560 n.6 (10th Cir. 1994), abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 & n.11 (2002). Because Defendant does not have Eleventh Amendment immunity from Plaintiff's Title VII claim, the Court has subject matter jurisdiction over this case.  Dismissal is not warranted under Rule 12(b)(1).

Defendant additionally attacks Plaintiff's complaint under Fed. R. Civ. P. 8(a)(2).[4] Rule 8(a)(2)

> provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (citations and internal quotation marks omitted); see also United Steelworkers of Am. v. Or. Steel Mills, Inc., 322 F.3d 1222, 1228 (10th Cir. 2003) ("The Supreme Court has emphasized that the requirements at the pleading stage are de minim[i]s.").

Defendant cites Barfield v. Commerce Bank, N.A., in support of its argument that the complaint fails to plead adequate facts to comply with Rule 8.  484 F.3d 1276 (10th Cir. 2007).  In Barfield, the Tenth Circuit affirmed the district court's denial of the plaintiffs'

---

[4] Although Defendant styles this argument as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Defendant actually cites and attacks the pleading under Fed. R. Civ. P. 8.  (See Mot. to Dismiss at 1, 8.)

motion to amend their complaint because the proposed pleading contained only very general allegations of the defendant's unlawful acts and did not set forth actual facts to support the allegations, such as the identities of the individuals who were denied services, the dates on which the events occurred, or any allegations that the plaintiffs themselves suffered from the defendant's actions.  See id. at 1280-81.  In contrast to Barfield, however, a review of Plaintiff's complaint shows that she has stated the relevant facts, dates, and alleged unlawful conduct in regards to her individual allegations with enough specificity for Defendant to respond to her allegations; thus, the pleading comports with Rule 8(a)(2).  (See Compl. ¶¶ 1-11.)  A plaintiff's employment discrimination claim is not subject to a heightened pleading standard; he or she need not allege "specific facts establishing a prima facie case of discrimination" to survive a motion to dismiss.  See Swierkiewicz, 534 U.S. at 508, 512-13. Plaintiff is not required to set out the detailed facts upon which she bases her claim, and under the liberal notice pleading standard of the Federal Rules, Plaintiff has sufficiently alleged a Title VII action to continue with further fact development.

Although Defendant argues that it cannot assess the timeliness of Plaintiff's action, Plaintiff does generally allege in her complaint that she filed an administrative complaint, exhausted her administrative remedies, and received a right-to-sue letter.  (See Compl. ¶ 8.) In Title VII cases, exhaustion of administrative remedies is a jurisdictional prerequisite to suit.  Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996).  Plaintiff has not yet provided the Court with a copy of either the administrative complaint or the right-to-sue letter, so it is not possible to ascertain the timeliness of either Plaintiff's administrative complaint or her

4

civil action.  Therefore, it would be premature for the Court to dismiss Plaintiff's complaint at this stage of proceedings.

Defendant also moves to dismiss Plaintiff's class action allegations as inadequate under Rule 8(a) and insufficient to ascertain the class.  (See Def.'s Mot. at 8; Compl. ¶¶ 14-20.)  The Court certifies a class within its discretion.  J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1287 (10th Cir. 1999).  The party proposing the class must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); see also J.B. ex rel. Hart, 186 F.3d at 1287-88 (citing Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 161 (1982)).  The Court must at an early practicable time determine whether to certify the action as a class action.  Fed. R. Civ. P. 23(c)(1)(A).

The Court may only certify a class if it determines after rigorous analysis that the proposed class satisfied the prerequisites listed in Rule 23(a).  See J.B. ex rel. Hart, 186 F.3d at 1287-88.  Plaintiff argues that further discovery is warranted to determine whether the numerosity and commonality elements can be met in order to certify the class.  (See Resp. at 3-4.)  While Defendant is correct that the class action portion of Plaintiff's complaint contains only conclusory allegations as to the merits of certifying potential class members, the Court agrees with Plaintiff that it is preferable to address whether a class action is maintainable under Fed. R. Civ. P. 23 after benefit of full briefing and consideration of the certification issue.  See Gen. Tel. Co. of the Sw., 457 U.S. at 161.  The Court declines to

strike or dismiss the class action allegations, and Plaintiff will be allowed to amend her complaint and to file a motion to certify a class pursuant to the dates set forth in the scheduling order that will be entered in this case.

CONCLUSION

For the reasons recited herein, Defendant's motion to dismiss (Dkt. No. 4) is DENIED.

IT IS SO ORDERED this 26th day of November, 2007.

ROBIN J. CAUTHRON
United States District Judge